**FILED**
**Apr 27, 2023**
**02:26 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **MARCOS SOSA MARTINEZ,** | ) | **Docket No. 2021-06-0071** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 80044-2021** |
| **HALLORAN INVESTMENT** | ) | |
| **PROPERTIES, LLC,** | ) | **Judge Joshua Davis Baker** |
| **Employer.** | ) | |

_____

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT
_____

On April 18, 2023, the Court heard Halloran's Motion for Summary Judgment. Halloran argued affirmative evidence that negated essential elements of Mr. Sosa Martinez's claim and showed there was no genuine issue for trial. Mr. Sosa Martinez did not produce specific facts showing a genuine issue for trial. So, the Court grants summary judgment to Halloran and dismisses this claim with prejudice.

### Claim History

Mr. Sosa Martinez alleged in his petition that he was Halloran's employee. He wrote that lifting heavy rocks at a Halloran jobsite in August 2020 caused him back pain that developed into paralysis, requiring emergency medical treatment three months later.

According to the Rule 72 declaration of Michael Halloran, who owns Halloran Investment Properties, LLC, Mr. Sosa Martinez worked as its independent contractor on masonry projects.

Mr. Martinez underwent emergency surgery. His diagnosis and medical records suggested to Dr. Heather Cappello that his condition resulted from a bacterial infection, not masonry work. She signed an affidavit that explained the bacterial infection's effect on his spine as follows:

1

Untreated bacterial infections for prolonged periods spread throughout the body, as this infection did in Mr. Martinez. Pain is typically located in the infected disc space where Mr. Martinez had evidence of multiple abscesses from advanced imaging. The pain from the infected spine progressively worsens to weakness in the lower extremities resulting in eventual paralysis when left untreated due to the nature of the spread throughout the bloodstream.

According to Dr. Cappello's affidavit, "Mr. Martinez did not develop a spinal infection from heavy lifting or a work-related injury. The disease process developed from an untreated bacterial infection that progressively worsened due to the nature of the disease process." Dr. Cappello concluded that his "conditions were not more than 50% caused by an alleged work accident, or work related duties, considering all other causes."

The Court denied expedited relief, finding Mr. Sosa Martinez was unlikely to prevail at a final hearing on compensability. It also entered a partial scheduling order, directing the parties to complete lay witness depositions by a certain deadline.

Halloran filed this motion for summary judgment with a Statement of Undisputed Material Facts, which cited to Dr. Cappello's affidavit and to Mr. Halloran's declaration. Concerning his status as an independent contractor rather than an employee, the statement of material facts said that Mr. Sosa Martinez worked as a mason that Halloran hired on a project-by-project basis. Further, he supplied his own tools except for any large equipment. He also hired helpers to assist him and could work for others if he wished.

Halloran sent Mr. Sosa Martinez, who is self-represented, a copy of Rule 56. However, Mr. Sosa Martinez did not oppose the motion with a written response.

At the hearing, Mr. Sosa Martinez said he did not respond to the motion because he did not have an opinion from another doctor and experienced significant personal stress concerning family outside the United States.

## Law and Analysis

To oppose summary judgment, a party must file a response "not later than five days before the hearing[.]" Tenn. R. Civ. P. 56.03 (2022). Halloran properly sent a copy of Rule 56 to Mr. Sosa Martinez. Yet Mr. Sosa Martinez did not file a response. Therefore, Halloran's motion for summary judgment is unopposed. Tenn. Comp. R. & Regs. 0800-02-21-.18(1)(d) (February, 2022).

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

Halloran must do one of two things to prevail: (1) submit affirmative evidence that negates an essential element of Mr. Sosa Martinez's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2022); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

Here, Halloran submitted affirmative evidence negating essential elements of Mr. Sosa Martinez's claim, including medical causation and his employment relationship.

Specifically, Dr. Cappello's affidavit affirms that Mr. Sosa Martinez cannot prove medical causation, which requires an expert's testimony to a "reasonable degree of medical certainty" that the employment "contributed more than fifty percent (50%) in causing the . . . need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(12)(C). According to her affidavit, he needed medical treatment for an infection unrelated to work.

Further, Mr. Halloran's declaration shows that Mr. Sosa Martinez did not have the requisite employment relationship for a compensable claim. To recover workers' compensation benefits, a claimant must be an employee and not an independent contractor. *Peters v. Mitchell d/b/a A Clean Connection, LLC,* 2016 TN Wrk. Comp. App. Bd. LEXIS 7, at *7 (Feb. 8, 2016).

Halloran met its burden with affirmative evidence, so Mr. Sosa Martinez "may not rest upon the mere allegations or denials of [his] pleading." *Rye*, at 265. Rather, he must produce affidavits, pleadings, depositions, responses to interrogatories, or admissions that set forth specific facts showing that there is a genuine issue for trial. Tenn. R. Civ. P. 56.06. If not, "summary judgment, if appropriate, shall be entered" against him. *Id*.

Here, Mr. Sosa Martinez did not oppose Halloran's motion with specific facts to show a genuine issue exists for trial. Rather, his allegations are his claim's only underpinning, and allegations alone cannot survive summary judgment. Two material facts, that Mr. Sosa Martinez was an independent contractor and that he did not suffer a work-related injury, are undisputed and leave no genuine issue for trial. Thus, Halloran is entitled to summary judgment as a matter of law.

**IT IS ORDERED** as follows:

1. Mr. Sosa Martinez's claim for workers' compensation benefits is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final thirty days after issuance.

3. The filing fee of $150.00 is taxed to Halloran Investment Properties, LLC under Tennessee Compilation Rules and Regulations 0800-02-21-.07, to be paid to the Court Clerk and for which execution might issue as necessary.

4. Halloran Investment Properties, LLC shall prepare and file the SD-2 with the Court Clerk within ten days of this order becoming final.

**ENTERED April 27, 2023.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on April 27, 2023.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Marcos Sosa Martinez, Employee | | | X | Mmartinez5708894@gmail.com |
| John Lewis, Employer's Attorney | | | X | john@johnlewisattorney.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov

5



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the
Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-
stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*